IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

|  |  |
|---|---|
| **MY MERMAID TREASURE, LLC** <br> 490 Cedar Ridge Road <br> Monroe, Georgia 30656 <br> Walton County <br><br> and <br><br> **TRACIE REEVES** <br> 490 Cedar Ridge Road <br> Monroe, Georgia 30656 <br> Walton County <br><br> Plaintiffs. <br><br> V. <br><br> **TONYA PERRY** <br> 46 Kleis Road <br> Severna Park, Maryland 21146 <br> Anne Arundel County <br><br> and <br><br> **XOXO PEARLS, LLC** <br> 866 Baltimore Annapolis Blvd. <br> Severna Park, Maryland 21146 <br> Anne Arundel County <br> **Serve On Resident Agent:** <br> United States Corporation Agents, Inc. <br> 6959 Golden Ring Road <br> Rosedale, Maryland 21237 <br><br> Defendants. | Civil Case No. 1:21-CV-158 |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiffs My Mermaid Treasure, LLC ("MMT") and Tracie Reeves ("Reeves") (MMT and

Reeves collectively referred to hereinafter as "Plaintiffs"), by and through undersigned counsel,

hereby file this Complaint against Defendants Tonya Perry ("Perry") and XOXO Pearls, LLC ("XOXO") (Perry and XOXO collectively referred to hereinafter as "Defendants"), stating as follows:

## PARTIES

1. Plaintiff MMT is a Georgia limited liability company with a principal place of business at 490 Cedar Ridge Road, Monroe, Georgia 30656.

2. Plaintiff Reeves is a resident/citizen of Georgia who resides at 490 Cedar Ridge Road, Monroe, Georgia 30656. Plaintiff Reeves is the Managing Member of MMT.

3. Defendant Perry, upon information and belief, is a citizen/resident of the State of Maryland and resides at 46 Kleis Road, Severna Park, Maryland 21146.

4. Defendant XOXO, upon information and belief, is a Maryland limited liability company with a principal place of business at 866 Baltimore Annapolis Blvd., Severna Park, Maryland 21146. Upon information and belief, Defendant Perry is the Managing Member of Defendant XOXO.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 and/or §1367.

6. This venue is proper pursuant to 28 U.S.C. §1391(b) and/or (c), since a substantial part of the acts or omissions giving rise to the action/claim occurred in this district and/or there is no district in which the action may otherwise be brought and at least one defendant is subject to personal jurisdiction in this Court.

## STATEMENT OF FACTS

7. MMT has formulated several types of cosmetics, soaps and bath products

("Products") and has those Products manufactured and then sells those Products "online" via the world-wide web and the Facebook Live platform.

8. MMT also sells its Products through independent contractors that act as distributors.

9. In 2019, Defendant Perry approached Plaintiffs about becoming a distributor of MMT's Products. The parties agreed to terms and Plaintiff MMT and XOXO entered into the following three (3) contracts on the dates shown: (i) a Mutual Non-Disclosure Agreement ("NDA") (dated October 31, 2019); (ii) a Distributor's Agreement ("Distribution Agreement") (dated November 1, 2019);[1] and (iii) a Licensing Agreement ("Licensing Agreement") (dated October 31, 2019).

10. Upon information and belief, Defendant XOXO materially breached the terms of the NDA by disclosing protected/confidential information to third parties (including but not necessarily limited to a person by the name of Donna Bunish).

11. Defendant's material breach of the NDA was intentional and/or wilful, as Defendants stated in an online video that they "don't give a shit about the NDA ...."

12. Furthermore, upon information and belief, within the past year Defendants published defamatory statements to third parties (including but not limited to online videos and/or to Ms. Bunish) regarding Plaintiff Reeves, including but not necessarily limited to the following:

(i) Stating/publishing that Plaintiff has "committed a crime";

(ii) Stating/publishing that Plaintiff "stole $3,000.00 from me";

(iii) Stating/publishing that Plaintiff "fraudulently took $3,000.00 from me ...."

---

[1] The Distribution Agreement was actually entered into by an affiliated company of Plaintiff's, Tracie Reeves Group, LLC. However, Plaintiff is not suing upon the Distribution Agreement and, therefore, that affiliated entity has not been included as a party.

(iv)   Stating/publishing that Plaintiff "... is a thief."

14.   The above-referenced statements published by Defendants are/were defamatory per se in that they accuse Plaintiff Reeves of being a criminal, committing criminal acts, and/or engaging in fraud/deceit.

## COUNT I
### (Breach of Contract–Defendant XOXO)

15.   Plaintiffs incorporate herein by reference Paragraphs 1-14.

16.   Defendant XOXO materially breached its NDA with Plaintiff MMT by disclosing confidential information in violation of the terms of the NDA to third parties.

17.   Defendant XOXO disclosed confidential information about Plaintiff's contracts and business on a Facebook Live broadcast.

18.   Upon information and belief, Defendant XOXO materially breached its NDA with Plaintiff by disclosing confidential information to Ms. Bunish in violation of the terms of the NDA.

19.   Plaintiff has suffered harm and/or damages as a result of such breaches.

WHEREFORE, Plaintiff My Mermaid Treasure, LLC respectfully requests that this Court enter a money judgment in its favor against Defendant XOXO in an amount up to $1,000,000.00, plus reasonable attorneys' fees, pre-judgment and post-judgment interest, and costs.

## COUNT II
### (Defamation–Defendant Perry)

20.   Plaintiffs incorporate herein by reference Paragraphs 1-19.

21.   As described above, Defendant Perry knowingly published and/or republished false and defamatory statements about Plaintiff Reeves.

22.   Under the totality of the circumstances, Defendant knew or should have known that

4

the statements were false and/or Defendant published/republished the false/defamatory statements with reckless disregard for the truth or falsity of the statements and, thus, Defendant acted with actual malice.

23. As a direct and proximate result of Defendant's defamatory statements/publications/republications, Plaintiff has suffered harm/damage, including non-economic damages including damage/harm to reputation/standing, humiliation, embarrassment, and/or mental/emotional pain, suffering and/or distress.

WHEREFORE, Plaintiff Reeves respectfully requests that this Court enter judgment in Plaintiff's favor against Defendant Perry for compensatory and/or non-economic damages in an amount up to $1,000,000.00, punitive damages up to $1,000,000.00, plus pre-judgment and post-judgment interest, costs, and any other relief this Court deems appropriate.

## COUNT III
**(Tortious Interference with Business Relations–Defendants XOXO and Perry)**

24. Plaintiffs incorporate herein by reference Paragraphs 1-23.

25. Defendants have/had knowledge of the contractual/business agreements and/or relationships between Plaintiffs and other third parties.

26. Despite such knowledge, Defendants intentionally, willfully, and wrongfully interfered with such agreements/relationships without legal justification or excuse, including by and through their dissemination/publication of defamatory statements about Plaintiffs and/or through the disclosure of confidential information.

27. Under the totality of the circumstances, such conduct by Defendants was/is calculated to cause damage to Plaintiffs in a loss of business and/or committed with the unlawful or improper

purpose to cause such damage.

28. As a result of Defendants' tortious interference, Plaintiffs have suffered damages.

29. Defendants' above-referenced actions constitutes legal malice entitling Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs Reeves and MMT respectfully request that this Court enter judgment in Plaintiffs' favor, jointly and severally, against Defendants Perry and XOXO, jointly and severally, for compensatory and/or non-economic damages in an amount up to $1,000,000.00, punitive damages up to $1,000,000.00, plus pre-judgment and post-judgment interest, costs, and any other relief this Court deems appropriate.

## COUNT IV
### (Tortious Interference with Prospective Advantage–Defendants XOXO and Perry)

30. Paragraphs 1-29 are incorporated herein by reference.

31. Defendants have/had knowledge of the contractual/business agreement/relationship between Plaintiffs and other third parties.

32. Despite such knowledge, Defendants intentionally, willfully, and wrongfully interfered with such agreements/relationships without legal justification or excuse, including by and through their dissemination/publication of defamatory statements about Plaintiffs and/or through the disclosure of confidential information.

33. Under the totality of the circumstances, such conduct by Defendants was/is calculated to cause damage to Plaintiffs in a loss of business and/or committed with the unlawful or improper purpose to cause such damage.

34. As a result of Defendants' tortious interference, Plaintiffs have suffered damages.

35. Defendants' above-referenced actions constitutes legal malice entitling Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs Reeves and MMT respectfully request that this Court enter judgment in Plaintiffs' favor, jointly and severally, against Defendants Perry and XOXO for compensatory and/or non-economic damages in an amount up to $1,000,000.00, punitive damages up to $1,000,000.00, plus pre-judgment and post-judgment interest, costs, and any other relief this Court deems appropriate.

## COUNT V
### (Injunctive Relief–Defendant Perry)

36. Plaintiffs incorporate herein by reference Paragraphs 1-35.

37. Defendant Perry has published and/or republished defamatory statements about Plaintiff Reeves.

38. Plaintiff's reputations would be irreparably injured if Defendant Perry is allowed to continue to publish and/or republish such statements.

39. Any inconvenience to Defendant as a result of the injunctive relief sought is substantially outweighed by Plaintiff's reputation interests/rights.

40. The public interest is best served by prohibiting defamatory statements and, thus, by granting the injunctive relief sought.

WHEREFORE, Plaintiff Reeves respectfully requests that this Court permanently enjoin Defendant Perry from publishing and/or republishing any defamatory statements/material about Plaintiff (including but not necessarily limited to the defamatory statements set forth above in Paragraph 12), order Defendant to publish retractions to any and all recipients to whom Defendant

has disseminated/published such defamatory material, and award any other relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all matters/claims/issues so triable.

Respectfully Submitted,

__/s/_ Brian M. Maul_____
Brian M. Maul, Bar No. 28198
The Law Office of Brian M. Maul, LLC
47 E. South Street, Suite 401
Frederick, Maryland 21701
Phone: (301) 378-2569
Fax: (301) 378-8149
brian@bmaullaw.com
*Counsel for Plaintiffs*